IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NANCY HETZE-WERNER,

                Plaintiff,

v.                                                  ORDER

CAROLYN W. COLVIN,                    15-cv-343-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Nancy Hetze-Werner seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Hetze-Werner's motion for summary judgment on March 15, 2016. For the reasons summarized here and stated more fully at the hearing, the court will remand this case to the Commissioner for further proceedings.

Hetze-Werner suffers from neck, back, foot, and hand pain. She has undergone multiple surgeries on each. The ALJ assessed Hetze-Werner's impairments and determined that she had the residual functional capacity (RFC) to perform sedentary work with the following restrictions: a sit or stand option at will, provided that she is not off-task for more than 10 percent of the work period; occasional rotation, flexion, or extension of the neck; occasional fingering or handling of objects, bilaterally; never reaching overhead, bilaterally; avoiding concentrated exposure to unprotected heights and use of moving machinery; simple, routine, and repetitive tasks in a low stress job; occasional interactions with the public or co-

workers; and regular breaks. R. 19.[1] Despite this highly restricted RFC, the ALJ found that Hetze-Werner could perform work in the economy and was not disabled. R. 28.

The ALJ's treatment of the opinion of Hetze-Werner's treating doctor, physical medicine specialist Andrea Peterson, DO, was fatally flawed. "A treating physician's opinion is entitled to controlling weight unless it is 'inconsistent with the other substantial evidence.'" *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ determines that a treating source opinion is not entitled to controlling weight, then he must still identify and apply the pertinent § 1527(c) factors to the opinion and explain the weight that he gives it. The ALJ failed to adequately do so.

Dr. Peterson opined that Hetze-Werner could sit for at least six hours in an eight-hour day and stand or walk for about two hours every day, noting low back pain as the limiting cause. R. 1592. She also responded to the question of whether Hetze-Werner could work full time in a sustained work setting in the negative, writing in that Hetze-Werner could work only four hours per day maximum. *Id.* Finally, Dr. Peterson provided that Hetze-Werner would need to take unscheduled breaks of 20 minutes each, three times per week. R. 1593.

The ALJ did not expressly indicate whether he had considered giving Dr. Peterson's opinion controlling weight; instead, he gave it only "some weight." R. 24. The ALJ apparently accepted Dr. Peterson's statements regarding Hetze-Werner's need for three unscheduled 20-minute breaks per week, and the ALJ noted that the limitation was consistent with being off task for 10 percent of the day in addition to regular breaks. *Id.* But the ALJ failed to give any explanation for his reasoning. In fact, according to the vocational expert who testified at the hearing in front of the ALJ, needing three unscheduled 20-minute breaks would have

---

[1] Record citations are to the administrative record, Dkt. 10.

precluded employment. R. 70. On remand, the ALJ must clarify how he considered and incorporated Hetze-Werner's need for breaks into the RFC, and he must reconcile his conclusion with the vocational expert's testimony.

The ALJ rejected the rest of Dr. Peterson's opinion, describing it as internally inconsistent and inconsistent with the medical record as a whole. R. 24. The internal inconsistency that the ALJ identified was between Dr. Peterson's statements that Hetze-Werner could work for only four hours per day, but could sit for at least six hours. But these limitations addressed two separate abilities. A person may be able to sit for six hours, but only able to work for four. Dr. Peterson's opinion was not internally inconsistent.

Nor were the external inconsistencies that the ALJ identified well supported. The ALJ stated that despite Dr. Peterson's notes about "chronic neck and low back pain [and] cervical radiculopathy," the medical records showed that Hetze-Werner's "abnormalities are only mild." *Id.* For support, the ALJ cited notes from another doctor, R. 1378, and notes from Hetze-Werner's physical therapy appointments, R. 1555-90. The ALJ also stated that there was "no evidence of recurrence of carpal tunnel syndrome that would support" Hetze-Werner's complaints or Dr. Peterson's limitations on Hetze-Werner's ability to perform fine manipulation. R. 24. Some evidence in the record indicates that various treatments were successful. But Hetze-Werner's reports of pain were related to conditions that were verified with objective evidence. It was a mischaracterization of the record to state that "no evidence" supported her complaints. In fact, the record is replete with evidence of ongoing painful treatments and surgeries attempting to remedy those complaints.

On remand the ALJ should carefully consider Dr. Peterson's opinion and decide first whether it is entitled to controlling weight. If the ALJ declines to give the opinion controlling

weight, he must then apply the pertinent § 1527(c) factors to determine what weight it deserves. In doing so, the ALJ must cite specific evidence that would contradict Dr. Peterson's opinion. And the ALJ should be careful to consider the record as a whole, and not cherry-pick only favorable evidence. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011).

## ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Nancy Hetze-Werner's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).

The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 17, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

weight, he must then apply the pertinent § 1527(c) factors to determine what weight it deserves. In doing so, the ALJ must cite specific evidence that would contradict Dr. Peterson's opinion. And the ALJ should be careful to consider the record as a whole, and not cherry-pick only favorable evidence. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011).

## ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Nancy Hetze-Werner's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).

The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 17, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge